# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Helen Renee Murray, | Civil Action No. 1:19-cv-00304-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | |
| Defendant. | |

This action arises from Plaintiff Helen Renee Murray's application to the Social Security Administration seeking Child's Insurance Benefits ("CIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court reverse the Commissioner's decision. (ECF No. 18 at 29.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 18), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 18 at 2–16.) Plaintiff applied for CIB and SSI, claiming she has been disabled since January 5, 2015, due to obesity, panic disorder, neurocognitive, gout and loss of central acuity. (*Id.* at 2, 15–16 (citing ECF Nos. 9-3 at 48–49; 9-6 at 2–7, 10–11).) The Social Security Administration denied Plaintiff's initial application and her subsequent request for reconsideration. (*Id.* (citing ECF Nos. 9-2 at 12–16; 9-4 at 7–11, 17–21; 22–26).) Plaintiff appeared

1

before an Administrative Law Judge ("ALJ"), who ultimately issued an "Unfavorable Decision" in November 2017, which denied her request for CIB and SSI. (*Id.* (citing ECF Nos. 9-2 at 9–62).)

The ALJ made the following findings of fact and conclusions of law:

> Born on July 9, 1993, the claimant had not attained age 22 as of January 5, 2015, the alleged onset date (20 C.F.R. §§ 404.102, 416.120(c)(4) and 404.350(a)(5).
>
> The claimant has not engaged in substantial gainful activity since January 5, 2015, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> The claimant has the following severe impairments: obesity, panic disorder, neurocognitive, gout and loss of central acuity (20 C.F.R. § 404.1520(c) and 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less tha[n] the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the claimant could lift, carry, push and pull no more than 10 pounds at a time with occasional lifting or carrying articles, for example, docket files, ledgers and small tools. The claimant could sit for 6-hours in an 8-hour workday; stand 2 hours in an 8-hour workday and walk 2 hours in an 8-hour workday. She could frequently balance, stoop and crouch; occasionally kneel, crawl and climb stair/ramps; and should never climb ladders, ropes or scaffolds. The claimant should perform no work requiring fine visual acuity. She could occasionally be exposed to unprotected heights and moving mechanical parts. The claimant is limited to performing simple, routine tasks. She could occasionally respond appropriately to supervisors, coworker[s] and the general public.
>
> The claimant has no past relevant work (20 C.F.R. §§ 404.1565 and 416.965).
>
> The claimant was born on July 9, 1993 and was 21 years old, which is defined as a younger individual age 18–44, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).
>
> The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).
>
> Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. §§ 404.1568 and 416.968).

> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from January 5, 2015, through the date of this decision (20 C.F.R. §§ 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Id. at 15–16 (citing ECF No. 9-2 at 14–25).) Plaintiff appealed the ALJ's decision, but the Appeals Council denied her appeal in November 2018. (*Id.* (citing ECF No. 9-2 at 2–6).)

On February 1, 2019, Plaintiff filed a Complaint seeking judicial review of her CIB and SSI application, claiming that the ALJ erred in reaching the decision and seeks a reversal and remand of this case for further administrative proceedings. (ECF No. 1.) Specifically, Plaintiff contends that (1) "the ALJ relied on the [vocational expert's] testimony without resolving conflicts between it and the [Dictionary of Occupational Titles]"; and (2) "the ALJ did not account for all of Plaintiff's limitations in the [residual functional capacity] assessment." (ECF No. 18 at 16.) The Commissioner filed the Society Security Administrative Record on June 6, 2019. (ECF No. 9.) Plaintiff filed a brief on August 8, 2019 (ECF No. 13), and the Commissioner filed a brief on September 17, 2019, claiming that the ALJ's decision is supported by substantial evidence (ECF No. 15).

The Magistrate Judge issued a Report on January 27, 2020, recommending that this court reverse and remand the case for further administrative proceedings because "the court cannot determine that the Commissioner's decision is supported by substantial evidence." (ECF No. 18 at 29.) For example, the Magistrate Judge concluded that, applying the majority rule, remand is warranted when an ALJ fails "to resolve a conflict between a restriction in the RFC assessment to jobs 'not require[ing] fine visual acuity' and jobs described in the DOT as requiring frequent and

3

constant near acuity." (ECF No. 18 at 24–25 (citing *Cercoply v. Astrue*, C/A No. 4:11-cv-02186-TER, 2013 WL 655954 (D.S.C. Feb. 22, 2013)).) Consequently, "the undersigned is constrained to find an apparent conflict existed between the restriction in the RFC assessment to no work requiring fine visual acuity and the DOT's descriptions of the jobs identified by the VE as requiring frequent near acuity[,]" and therefore, "[i]n light of the ALJ's failure to elicit an explanation and resolve the apparent conflict between the VE's testimony and the DOT, the undersigned recommends the court find substantial evidence does not support the ALJ's finding at step five of the evaluation process." (*Id.* at 25–26.)

As to the issue of Plaintiff's reasoning level, the Magistrate Judge determined that "[t]he VE's testimony and the DOT do not conflict . . . but an apparent conflict remains unresolved as to whether the visual limitations in the RFC assessment would permit Plaintiff to perform the jobs the ALJ cited to meet his burden at step five." (*Id.* at 28.)

Finally, regarding whether the ALJ failed to assess Plaintiff's RFC in accordance with S.S.R. 96-8p, the Report provides: "The undersigned acknowledges the record on remand will likely contain additional evidence not before the ALJ at the time of the first hearing that may necessitate reconsideration of the RFC assessment. Therefore, given the recommendation for remand, the undersigned declines to address Plaintiff's additional allegations of error." (*Id.* at 28–29.) The parties were apprised of their opportunity to file specific objections to the Report on January 27, 2020, and that specific objections to the Report were due by February 10, 2020. (*See id.*) In a Reply filed on February 10, 2020, the Commissioner explained that he "does not intend to file objections to the Magistrate Judge's [Report]." (ECF No. 19 at 1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report.

5

*See Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the evidence and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings regarding the issues discussed in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 3, 2020
Columbia, South Carolina